The dissent claims the majority overlooked State v. McNeill, ante at 4, which the dissent summarizes as holding that considering the timing of the motion [after the jury was impaneled] it was reasonable for the trial court to conclude that the defendant's purpose was solely delay. This summary overlooks significant differences between the two cases. First, the timing is different. Beranek made his request before the trial was to begin, not after the jury was impaneled as in McNeill. Second, the facts McNeill cited in support of his request were in dispute. McNeill had claimed his attorneys communicated with him only once following their appointment, and refused to obtain information for him or to place two requested witnesses on the witness list. McNeil at 452. This reason was flatly contradicted by defense counsel, who stated they met with McNeill between one and two dozen times, spoke with him on the phone, and gave him copies of all discovery. Also, counsel in fact listed one of the two witnesses McNeill wanted, and stated that McNeill withdrew his request for the other. Id. at 452. The Supreme Court expressly noted that McNeill's factual claims were disputed. Id. Understanding that context is crucial to understanding why the timing of his motion made it reasonable to conclude his purpose was delay. At most, McNeill stands for the principle that the timing of the request is a legitimate factor to consider. The case surely cannot be used to support the principle that the court has no duty to inquire what the defendant's reasons are. In McNeill reasons were given. In the case at bar no reasons were given, and the judge did not inquire what they were.
I must note, moreover, the problems of determining what opportunity the defendant had to give his reasons. When the judge asked whether the defense had any pretrial motions, defendant's attorney stated that his client would like to have him removed as his counsel. The judge responded as follows:
 All right. We are here on the day of trial. I have no written motion. I see that you are appointed. Your motion is untimely and it will not be granted.
All right. Are we ready for the jury, gentlemen? The transcript does not reflect whether there were any pauses. If these lines were spoken in a continuous flow, the judge did not give defendant any opportunity to give his reasons. In fact, since the judge appears to be addressing counsel, defendant does not appear to have been given any opportunity to speak.
Later in the day, the judge brought up the matter again. At that point, however, the jury had already been chosen. Moreover, again the judge did not inquire about defendant's reasons. In any event, the court had already announced its decision in the morning. The dissent states it was up to defendant to demonstrate a justifiable cause. The record shows, however, that the court neither asked defendant for his reasons nor gave defendant a clear opportunity to volunteer them.
 In State v. Prater (1990), 71 Ohio App.3d 78, the defendant similarly requested new counsel on the morning of trial, just prior to voir dire. Unpersuaded by the lateness of the request, the Tenth District Court of Appeals found the trial court breached its duty to inquire into defendant's objections. The court added that the investigation may be brief and minimal; however, the inquiry must be made and put on the record * * *. Id. at 83.
The lateness of the request does not eliminate altogether the need to make some inquiry. Because that minimal level was not met, I concur with the majority.